UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| EVELAND, MICHAEL C., | ) | CASE NO. 06-81654 |
|     Debtor. | ) | |
| | ) | |
| GARY T. RAFOOL, | ) | ADV. NO. |
|     Trustee-Plaintiff. | ) | |
| v. | ) | |
| | ) | |
| AMERICAN EXPRESS TRAVEL RELATED | ) | |
| SERVICES COMPANY, INC., | ) | |
|     Defendant. | ) | |

## COMPLAINT

The Complaint of GARY T. RAFOOL Trustee, by and through his attorney SUMNER A. BOURNE, respectfully represents:

1.    Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 10, 2006.

2.    This is a core proceeding under 28 U.S.C. Sec. 157(b)(2)(H). Venue is proper pursuant to 28 U.S.C. Sec. 1409(a).

3.    Defendant AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY INC. is a corporation which pursuant to the Federal Rules of Bankruptcy Procedure Rule 7004 may be served by first class mail at the following address: American Express Travel Related Services Company Inc., Attn: C T Corporation System, 208 South LaSalle Street, Suite 814, Chicago, IL 60604.

4.    Within 90 days prior to the filing by the debtors of the petition for relief under Chapter 7 of the Bankruptcy Code, property under the control of the debtor totaling $4,700.00 was transferred to the defendant, for and on account of antecedent indebtedness on account number 3739-942522-21000 on August 1, 2006. Demand was made on Defendant by letter on December 13, 2006 and Defendant has failed to return the preferential transfer amount.

5.    At the time of such transfers the debtor was insolvent, and the effect of such transfer enables the defendant to obtain more than they would receive under the provisions of the Bankruptcy Code if the transfers had not been made and defendant received payment of such debt to the extent provided by the Bankruptcy Code.

6.    As such the transfer is voidable pursuant to 11 U.S.C. §547.

PRAYER FOR RELIEF

WHEREFORE, Trustee-Plaintiff prays that the transfers to Defendant be voided, and that he have judgment against Defendant pursuant to 11 U.S.C. Section 550 as follows:

1. The $4,700.00 transfer amount;

2. Plus pre-judgment from the date of the demand made on December 13, 2006 pursuant to 28 U.S.C. 1961;

3. Plus the $250 adversary costs pursuant to F.R.C.P.. 54 and F.R.B.P. 7054;

4. With judgment interest at the federal rate to accrue post-judgment on any judgment amount after the entry of judgment;

5. And that he have such other and further relief as is just.

Under penalties provided by law, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.


Dated: March 2, 2007

| | |
|---|---|
| Sumner A. Bourne | GARY T. RAFOOL, |
| Rafool & Bourne | TRUSTEE, |
| 1600 Associated Bank Bldg. | |
| 411 Hamilton Blvd. | |
| Peoria, IL  61602 | |
| Telephone: (309) 673-5535 | BY:   /s/ Sumner A. Bourne |
| | Attorney for Trustee |

## CERTIFICATE OF SERVICE

    The undersigned certifies that this electronic document was served either electronically through the court's electronic mailing system pursuant to the notice generated by the court, or if not sent electronically then by either hand-delivering or depositing a printed copy into the United States mail at the mail chute located at 411 Hamilton Blvd., Peoria, Illinois, on March 2, 2007 with postage prepaid at the address listed on the creditor matrix, upon the following parties:

U.S. Trustee

Rafool & Bourne, P.C.
411 Hamilton, Suite 1600        BY:   /s/ Sumner A. Bourne
Peoria, IL  61602
Telephone: (309) 673-5535